# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60350
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2015

Lyle W. Cayce
Clerk

INDERJIT SINGH; AMANJOT SINGH BASSI,

Petitioners

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 454 748
BIA. No. A087 454 749

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Inderjit Singh and his son, Amanjot Singh Bassi, are natives and citizens of India who entered this country without authorization and were ordered removed. Singh petitions this court for review of an order of the Board of Immigration Appeals (BIA) upholding the Immigration Judge's (IJ's) determination that he was not entitled to asylum, withholding of removal, or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

protection under the Convention Against Torture (CAT) because his claims were not credible.[1] He argues that he explained many of the discrepancies that were in his testimony and that existed between his testimony and written items. He also complains that he was not given an opportunity to explain another inconsistency and insists that his testimony was both credible and sufficient to support his request for relief.

We "review only the BIA's decision, unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the factual determination that an alien is not eligible for asylum, withholding of removal, or CAT relief under the substantial evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under this standard, we may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537.

An adverse credibility determination may be supported by "*any* inconsistency or omission," provided that "the totality of the circumstances establishes that an asylum applicant is not credible." *Id.* at 538 (internal quotation marks and citation omitted). Our review of the record as a whole shows that the evidence does not compel a conclusion contrary to that reached by the IJ and BIA on the issue whether Singh was credible. *See id.* at 537. Consequently, his petition for review is DENIED.

---

[1] Bassi was a derivative applicant with respect to Singh's application for relief.